Michelle R. Matheson  #019568
Matthew E. Walls #026523
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
mwalls@mathesonlegal.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Timothy Blotzer; and Fred Lilly; | ) | Case No.: |
| Plaintiffs, | ) ) ) | |
| | ) | **COMPLAINT** |
| v. | ) ) | **(JURY TRIAL REQUESTED)** |
| L-3 Communications Corporation, a foreign corporation; | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiffs Timothy Blotzer and Fred Lilly (hereinafter "Plaintiffs"), for their Complaint against Defendant L-3 Communications Corporation (hereinafter "L-3" or "Defendant"), a foreign corporation, allege as follows:

1.   Plaintiffs bring this action against Defendant for unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA").

-1-

2. During the two year period prior to the filing of this action (the "Liability Period"), Defendant required Plaintiffs to work well in excess of forty (40) hours per week without paying them proper overtime compensation as required by the FLSA.

3. This Court's jurisdiction over this matter is conferred under 29 U.S.C. § 1331 because this matter arises under federal statute.

4. Venue is proper under 28 U.S.C. § 1391 because Defendant employed Plaintiffs in southern Arizona and all or a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

5. During the Liability Period Plaintiffs worked as full-time Quality Inspectors in Defendant's Global Security and Engineering Solutions Division and were based in Pima County, Arizona.

6. In performing their inspection duties Plaintiffs' primary job duties did not involve the exercise independent authority regarding matters of significance to Defendant's business.

7. During the Liability Period L-3 was Plaintiffs' "employer" as defined in 29 U.S.C. § 203(d) and Plaintiffs were covered "employees" as defined in 29 U.S.C. § 203(e)(4).

8. During their employment for Defendant Plaintiffs frequently worked more than 40 hours per week.

9. Plaintiffs were not appropriately compensated for their overtime hours worked because Defendant improperly classified them as exempt from overtime compensation under the FLSA.

## COUNT ONE

**(Failure to Properly Pay Overtime Wages in Violation of the FLSA)**

10.     Plaintiffs incorporate by reference the allegations above.

11.     At all times pertinent to this Complaint, Plaintiffs were nonexempt employees whose job duties did not meet any exempt status under the FLSA.

12.     At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiffs worked for Defendant in excess of 40 hours per week, but Defendant failed to pay Plaintiffs for those excess hours at the applicable overtime premium rate.

13.     Plaintiffs have suffered economic damages as a result of the unlawful acts of Defendant and are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to, payment for the uncompensated hours worked, liquidated damages, prejudgment interest and attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs request the following legal and equitable relief:

A.     For the Court to declare and find that violated the overtime requirements of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiffs;

B.     For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b);

C.  For the Court to award Plaintiffs' reasonable attorneys' fees and costs;

D.  For the Court to award pre-judgment interest on all overtime compensation due, accruing from the date such amounts were due, and post-judgment interest; and

E.  For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

Dated this 4th day of May, 2011.

 s/ Michelle R. Matheson
Michelle R. Matheson  #019568
Matthew E. Walls #026523
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
Attorneys for Plaintiffs