Laurent R.G. Badoux; AZ Bar No. 020753
lbadoux@littler.com
Juliet S. Burgess; AZ Bar No. 023475
JBurgess@littler.com
LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016.4242
Telephone:   602.474.3600
Facsimile:   602.957.1801

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Blotzer; and Fred Lilly;<br><br>          Plaintiffs,<br><br>v.<br><br>L-3 Communications Corporation, a foreign corporation;<br><br>          Defendant. | Case No. 4:11-cv-00274-CKJ<br><br>**ANSWER** |

Defendant L-3 Services, Inc., ("L-3" or "Defendant"),[1] by and through undersigned counsel, hereby submits its Answer to the Plaintiffs Timothy Blotzer ("Blotzer") and Fred Lilly's ("Lilly") (collectively referred to as "Plaintiffs") Complaint.  For its Answer, Defendant admits, denies, and alleges as follows:

1.     L-3 admits that Plaintiffs' Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and denies all remaining allegations contained in Paragraph 1.

2.     L-3 denies the allegations contained in Paragraph 2.

3.     L-3 admits that jurisdiction is proper pursuant to 29 U.S.C. § 1331 and denies

---

[1] Defendant is incorrectly referred to as L-3 Communications Corporation in the Complaint. Plaintiffs were employed by L-3 Services, Inc., the entity filing this Answer.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016.4242
602.474.3600

all remaining allegations contained in Paragraph 3.

4. In response to Paragraph 4, L-3 admits that venue is proper under 28 U.S.C. § 1391 and denies all remaining allegations contained in Paragraph 4.

5. In response to Paragraph 5, L-3 specifically admits that Plaintiffs were employed as Quality Control Field Inspectors for L-3 working in or around Pima County, Arizona, and denies all remaining allegations contained in Paragraph 5.

6. L-3 denies the allegations contained in Paragraph 6.

7. L-3 admits that Plaintiffs worked for L-3 during a portion of the period defined in the Complaint and denies all remaining allegations contained in Paragraph 7.

8. L-3 denies the allegations contained in Paragraph 8.

9. L-3 denies the allegations contained in Paragraph 9.

## COUNT ONE

### (Failure to Properly Pay Overtime Wages In Violation of the FLSA)

10. L-3 incorporates by this reference, Defendant's admissions, denials, and responses to paragraphs 1-9 above, inclusive, as though fully set forth herein.

11. L-3 denies the allegations contained in Paragraph 11.

12. L-3 denies the allegations contained in Paragraph 12.

13. L-3 denies the allegations contained in Paragraph 13.

## DEMAND FOR JURY TRIAL

14. L-3 admits that Paragraph 14 contains a demand for jury trial.

15. To the extent not specifically admitted or denied, Defendants deny each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

A. As a separate and distinct defense, Plaintiffs failed to state a claim upon which relief can be granted because, among other reasons, Plaintiffs were compensated with appropriate wages for all hours worked, including those in excess of 40 in any workweek, during the relevant period of time they worked as Quality Control Field Inspectors with L-3. Specifically, L-3 properly considered Plaintiffs to be employees exempt from overtime

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016.4242
602.474.3600

1 requirements under the FLSA, as further explained herein, and correctly paid Plaintiffs on a
2 salary basis during the course of their employment. As a result, Plaintiffs were not entitled
3 to overtime compensation. To the extent Plaintiffs performed work in any other capacity,
4 whether exempt or non-exempt, L-3 properly compensated them for all hours worked,
5 including those in excess of 40 in a workweek. Further, L-3 paid Plaintiffs in a timely
6 fashion a pre-agreed salary amount that met all applicable federal requirements.
7 Consequently, L-3 paid Plaintiffs all monies to which they were entitled under applicable
8 law and L-3 did not abridge any rights of Plaintiffs or violate any law in compensating them.

9  B. As a separate and distinct defense, to the extent that the period of time alluded
10 to in the Complaint, or the period of time alleged later in this action, predates the limitations
11 period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a) (FLSA claims
12 limited to two years from date complaint filed, unless violations are "willful"), L-3 alleges
13 that Plaintiffs' claims, or those raised by other individuals whom Plaintiffs purport to
14 represent or to allow to join into this action pursuant to Section 16(b) of the FLSA, are
15 barred, in whole or in part.

16  C. As a separate and distinct defense, Plaintiffs' claims are barred in whole or in
17 part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because L-
18 3's actions taken in connection with Plaintiffs' compensation were done in good faith in
19 conformity with and reliance upon written administrative regulations, orders, rulings,
20 approvals, interpretations, and written and unwritten administrative practices or enforcement
21 policies of the Administrator of the Wage and Hour Division of the United States
22 Department of Labor, and/or judicial decisions interpreting relevant provisions of the FLSA.

23  D. As a separate and distinct defense, Plaintiffs' claims are barred in whole or in
24 part to the extent that the work they performed for L-3 during the course of their employment
25 falls within exemptions, exclusions, exceptions, offsets or credits provided for in Section 7 of
26 the FLSA, 29 U.S.C. § 207.

27  E. Plaintiffs' claims are barred in whole or in part by the provisions of Section 11
28 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016.4242
602.474.3600

-3-

action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA, and L-3 asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages. Specifically, courts of competent jurisdiction have deemed field inspectors to be exempt employees under the FLSA, and the position of the Department of Labor on the scope of exclusion from overtime under 29 C.F.R. Part 541 indicates the agency's endorsement of the status of individuals employed as field inspectors as exempt from overtime pay requirements under the FLSA.

F. As a separate and distinct defense, Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Sections 13(a) and/or (b) of the FLSA, 29 U.S.C. §§ 213(a) and/or (b), as further defined in 29 C.F.R. Part 541, Subparts A-C, G and H. At all times relevant to the performance of Plaintiffs' job duties, L-3 paid Plaintiffs a *bona fide* salary in excess of the $455 per week required under the FLSA. To the extent Plaintiffs were expected to perform certain manual tasks, said tasks were never the primary duty of Plaintiffs' employment, nor did L-3 ever intend those tasks to be Plaintiff's primary duty in the position of Quality Control Field Inspector. 29 C.F.R. §541-700.

G. As a separate and distinct defense, to the extent that discovery reveals that Plaintiffs or any other individual who becomes or may become a party plaintiff in this action has previously received compensation for their alleged unpaid regular or overtime wages in connection with, or as a result of, a payment to L-3's employees supervised by the Department of Labor, or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, or to the extent any agreement was reached between said parties as to the terms and conditions of the conclusion of the employment relationship between the parties, L-3 hereby invokes the doctrine of waiver to bar the claims asserted in the Complaint or by any other party plaintiff.

H. As a separate and distinct defense, to the extent that discovery reveals that Plaintiffs or any other individual who becomes or may become a party plaintiff in this action

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016.4242
602.474.3600

-4-

has previously received compensation for their alleged unpaid regular or overtime wages in connection with, or as a result of, a payment to L-3's employees supervised by the Department of Labor, or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, or to the extent any agreements were reached between said parties as to the terms and conditions of the conclusion of the employment relationship between the parties, L-3 hereby invokes the doctrine of accord and satisfaction to bar the claims asserted in the Complaint or by any other party plaintiff.

I.  As a separate and distinct defense, L-3 asserts that Plaintiffs' claims (or any other and further claim raised by any other individual that becomes or may become a party plaintiff in this action) are barred in whole or in part under the doctrine of estoppel, to the extent that Plaintiffs' conduct in their delay in bringing this action, or any request for procedural or substantive relief, or their failure to comply with the duties of the position of Quality Control Field Inspector while employed serve as the basis for any of their allegations or claims.

J.  As a separate and distinct defense, L-3 asserts that Plaintiffs' claims (or any other and further claim raised by any other individual that becomes or may become a party plaintiff in this action) are barred in whole or in part under the doctrine of laches, to the extent that Plaintiffs' conduct in their delay in bringing this action, or any request for procedural, substantive or equitable relief, or their failure to comply with the duties of the position of Quality Control Field Inspector while employed serve as the basis for any of their allegations or claims.

K.  As a separate and distinct defense, L-3 alleges that should Plaintiffs establish L-3 violated the FLSA, L-3's conduct was not willful, *i.e.*, L-3 did not know that its conduct violated the FLSA and did not show reckless disregard for whether its actions violated the FLSA, and, therefore, the applicable statute of limitations is two years. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

L.  As a separate and distinct defense, L-3 alleges that the Complaint and all causes of action stated therein are barred by the affirmative defenses set forth at Fed. R. Civ.

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016.4242
602.474.3600

-5-

P. 8(c) and any other applicable affirmative defense not specifically set forth herein.

M. As a separate and distinct defense, because relevant portions of the Complaint are couched in conclusory and vague terms, L-3 cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, L-3 hereby reserves the right to assert additional affirmative defenses as the matter progresses and it obtains clarifications of Plaintiffs' contentions (or any other and further contention raised by any other individual that becomes or may become a party plaintiff in this action).

WHEREFORE, having fully responded to Plaintiffs' Complaint, Defendant L-3 respectfully requests that this Court:

(a) dismiss Plaintiffs' Complaint in its entirety with prejudice;

(b) deny Plaintiffs' demands and prayer for relief as stated in their Complaint;

(c) award L-3 its costs and reasonable attorney's fees incurred in defense of this action; and

(d) grant such other and further relief as the Court deems just and proper.

DATED this 1st day of September, 2011

*s/ Laurent R.G. Badoux*
Laurent R.G. Badoux
Juliet S. Burgess
LITTLER MENDELSON, P.C.
Attorneys for Defendant

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016.4242
602.474.3600

-6-

1  I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 1st day of September, 2011:

Michelle R. Matheson
Matthew E. Walls
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
Attorneys for Plaintiffs

*s/ Linda Bullis*

Firmwide:103295030.3 051668.1039

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016.4242
602.474.3600